# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LE-VEL BRANDS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>LEVELZ HOOKAH LOUNGE, a fictitious entity; KP KUTZ, INC. d/b/a LEVELZ BARBERSHOP, a Michigan corporation; KADER PATTAH, an individual; CHRIS PATTAH, an individual; FADI GULLA, an individual; ANGELO'S DESIGN SOLUTIONS, INC. d/b/a FASTSIGNS OF AUBURN HILLS, a Michigan corporation; FASTSIGNS INTERNATIONAL, INC., a Texas corporation; and Nawras N. Elias d/b/a "Audio Ace," an individual,<br><br>*Defendants*. | Case No. 18-cv-11305<br>Hon. Matthew F. Leitman |

## STIPULATED FINAL JUDGMENT AND CONSENT PERMANENT INJUNCTION WITH RESPECT TO DEFENDANTS LEVELZ HOOKAH LOUNGE, KP KUTZ, INC. d/b/a LEVELZ BARBERSHOP, <u>KADER PATTAH, AND CHRIS PATTAH</u>

Plaintiff Le-Vel Brands, LLC ("Le-Vel") sued Defendants Levelz Hookah Lounge, KP Kutz, Inc. d/b/a Levelz Barbershop, Kader Pattah, and Chris Pattah (collectively, the "Levelz Defendants"); Defendants Fadi Gulla, Angelo's Design Solutions, Inc. d/b/a Fastsigns of Auburn Hills, Fastsigns International, Inc. (collectively, the "Fastsigns Defendants"); and Defendant Nawras N. Elias d/b/a "Audio Ace" for trademark infringement and unfair competition under the Lanham

1

Act, 15 U.S.C. §§ 1114, 1125, Michigan's Consumer Protection Act, Section 445.903 *et* seq., and the common law.

The Levelz Defendants stipulate to the entry of the following Stipulated Final Judgment and Consent Permanent Injunction.

**Findings of Fact**

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 (a) and (b). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Le-Vel's state law claims because those claims form a part of the same case or controversy. This Court has personal jurisdiction over the parties, and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c). Good cause exists for the entry of this Final Judgment and Permanent Injunction against the Levelz Defendants.

2. Le-Vel is a lifestyle company that offers dietary and nutritional supplements and related coaching/lifestyle/wellness programs, conventions, and educational services. Since 2012, Le-Vel has used a very unique and highly distinctive font and stylization for its LE-VEL name, which is depicted below ("Stylized LE-VEL Mark"):



3. Le-Vel owns valid and subsisting federal Registration No. 4978163 for its Stylized Le-Vel Mark, as well as Registration Nos. 5372459, 5057064, 5169444, and 5476338 for its LE-VEL word mark. Such registrations provide constructive notice of Le-Vel's ownership of the Stylized LE-VEL Mark and LE-VEL word mark.

4. Long after Le-Vel began using the Stylized LE-VEL Mark and LE-VEL word mark, the Levelz Defendants began using a virtually identical logo to sell barbershop and hookah lounge services, which is depicted below ("Infringing LEVELZ Logo"):



5. Levelz Barbershop of Birmingham, located at 544 N Old Woodward Ave Birmingham, Michigan 48009, is affiliated with the Levelz Defendants, and also began using the Infringing LEVELZ Logo to sell barbershop services long after Le-Vel began using the Stylized LE-VEL Mark and LE-VEL word mark.

6. The Levelz Defendants instructed the Fastsigns Defendants to create a logo containing the term LEVELZ. In response, the Fastsigns Defendants created the Infringing LEVELZ Logo for the Levelz Defendants by copying the Stylized LE-VEL Mark. The Levelz Defendants approved the Infringing LEVELZ Logo,

then asked the Fastsigns Defendants to affix it to signage and other advertising/marketing materials, e.g. floor mats, for the Levelz Defendants.

7. The Fastsigns Defendants electronically transmitted a computer file containing the Infringing LEVELZ Logo to the Levelz Defendants. The Levelz Defendants used that file to share and otherwise distribute the Infringing LEVELZ Logo on social media as well as other advertising/marketing channels.

## **Conclusions of Law**

8. Le-Vel is the owner of the Stylized LE-VEL Mark and LE-VEL word mark.

9. Neither the Levelz Defendants nor the Fastsigns Defendants were authorized to use the Stylized LE-VEL Mark, LE-VEL word mark, or confusingly similar marks.

10. The Infringing LEVELZ Logo and Le-Vel's Stylized LE-VEL Mark are confusingly similar in appearance, sound, and overall commercial impression, and the use of the Infringing LEVELZ Logo to promote barbershop and hookah lounge services is likely to cause confusion.

11. As a direct and proximate result of the Levelz Defendants' actions, Le-Vel has been damaged and will continue to be irreparably harmed unless the conduct at issue is enjoined.

**IT IS SO ORDERED THAT:**

12. The Levelz Defendants, along with their partners, associated business entities, agents, heirs, representatives, present and future owners, principals, members, officers, directors, parents, successors, affiliates, subsidiaries, related companies, licensees, franchisees, transferees, assigns, alter egos, others in privity with any of them, and/or those in active concert or participation with any of them, are permanently enjoined from the following:

 A. Using the Infringing Levelz Logo, or any reproduction, counterfeit, copy, or colorable imitation of the same, or any mark or trade dress confusingly similar thereto the Stylized LE-VEL Mark and the LE-VEL word mark, in connection with manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale of any products or services, including but not limited to barbershop and hookah lounge services;

 B. Making or employing any other commercial use of the Infringing Levelz Logo or Stylized LE-VEL Mark and the LE-VEL word mark, any derivation or colorable imitation thereof, or any mark or logo confusingly similar thereto or likely to detract from the Stylized LE-VEL Mark and the LE-VEL word mark;

C. Using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that the Levelz Defendants' products or activities are in any way sponsored, licensed or authorized by, or affiliated or connected with, Le-Vel;

D. Doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors to believe that the products or services promoted, offered, or sponsored by the Levelz Defendants come from Le-Vel, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with, Le-Vel;

E. Further infringing the Stylized LE-VEL Mark and the LE-VEL word mark and damaging Le-Vel;

F. Otherwise competing unfairly with Le-Vel in any manner; and

G. Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the above subparagraphs (A) through (F), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (F).

**IT IS FURTHER ORDERED THAT:**

13. If the Levelz Defendants violate any part of this Order, then the parties stipulate that the Levelz Defendants will pay Le-Vel an amount not less than $20,000 plus Le-Vel's reasonable attorneys' fees. Such motion shall be made pursuant to Local Rule 7.1. This Court retains jurisdiction over the Levelz Defendants for purposes of enforcing this Order.

14. In view of the above, judgment is entered against the Levelz Defendants on Claims 1-4 of the First Amended Complaint.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2018

STIPULATED BY:


s/Dean M. Googasian
Dean M. Googasian
Googasian Law Firm
6895 Telegraph Road
Bloomfield Hills, MI 48301-3138
(248) 540-3333
dgoogasian@googasian.com



s/Shawn F. Hirmiz
SHAWN F HIRMIZ
HIRMIZ, FRANSO, & ASSOCIATES
33200 Dequindre Rd, Suite 202
Sterling Heights
Sterling Heights, MI 48310
(586) 945-3777
shawnhirmiz@yahoo.com