# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

LE-VEL BRANDS, LLC,

    *Plaintiff*,

v.

LEVELZ HOOKAH LOUNGE, et al.,

    *Defendants*.

Case No. 4:18-cv-11305
Hon. Matthew F. Leitman

## FINAL CONSENT JUDGMENT AND CONSENT PERMANENT INJUNCTION

Plaintiff Le-Vel Brands, LLC ("Le-Vel") sued Defendants Levelz Hookah Lounge, KP Kutz, Inc. d/b/a Levelz Barbershop, Kader Pattah, and Chris Pattah (collectively, the "Levelz Defendants"); Defendants Fadi Gulla ("Gulla"), Angelo's Design Solutions, Inc. d/b/a Fastsigns of Auburn Hills (the "Franchise"), Fastsigns International, Inc. ("FII") (collectively, the "Fastsigns Defendants"); and Defendant Nawras N. Elias d/b/a "Audio Ace" for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125, Michigan's Consumer Protection Act, Section 445.903 *et* seq., and the common law.

Le-Vel and Defendants Gulla and the Franchise now stipulate to the entry of the following Final Consent Judgment and Consent Permanent Injunction.

## Findings of Fact

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 (a) and (b). Pursuant to 28 U.S.C. § 1367, this

Court has supplemental jurisdiction over Le-Vel's state law claims because those claims form a part of the same case or controversy. This Court has personal jurisdiction over the parties, and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c). Good cause exists for the entry of this Final Consent Judgment and Consent Permanent Injunction against Defendants Gulla and the Franchise.

2. Le-Vel is a lifestyle company that offers dietary and nutritional supplements and related coaching/lifestyle/wellness programs, conventions, and educational services under the LE-VEL house mark and trademark, which is integral to its corporate identity. Since 2012, Le-Vel has used a very unique and highly distinctive font and stylization for its LE-VEL house mark and trademark, which is depicted below ("Stylized LE-VEL Mark"):

3. Le-Vel owns valid and subsisting federal Registration No. 4978163 for its Stylized Le-Vel Mark, as well as Registration Nos. 5372459, 5057064, 5169444, and 5476338 for its LE-VEL word mark. Such registrations provide constructive notice of Le-Vel's ownership of the Stylized LE-VEL Mark and LE-VEL word mark.

4. Long after Le-Vel began using the Stylized LE-VEL Mark and LE-VEL word mark, and established substantial goodwill in those marks the Levelz Defendants, using the signage and advertising services provided by Gulla and the Franchise, began using a virtually identical logo to sell barbershop and hookah lounge services, which is depicted below ("Infringing LEVELZ Logo"):



5. Gulla and the Franchise generated the Infringing LEVELZ Logo for the Levelz Defendants' barbershop and hookah lounge services; affixed the Infringing LEVELZ Logo to signage and other advertising/marketing materials for the Levelz Defendants; electronically transmitted a computer file containing the Infringing LEVELZ Logo to the Levelz Defendants; and shared and/or distributed the Infringing LEVELZ Logo through social media.

**Conclusions of Law**

6. Le-Vel is the owner of the Stylized LE-VEL Mark and LE-VEL word mark.

7. Defendants Gulla and the Franchise were not authorized to use the Stylized LE-VEL Mark, LE-VEL word mark, or confusingly similar marks.

8. The Infringing LEVELZ Logo and Le-Vel's Stylized LE-VEL Mark are confusingly similar in appearance, sound, and overall commercial impression,

and the use of the Infringing LEVELZ Logo in signage or other advertising materials for the Levelz Defendants' barbershop and hookah lounge services is likely to cause confusion.

9. As a direct and proximate result of Gulla's and the Franchise's actions, Le-Vel has been injured and will continue to be irreparably harmed unless the conduct at issue is enjoined.

IT IS SO ORDERED THAT:

10. Defendants Gulla and the Franchise, along with their associated business entities, agents, representatives, present and future owners, principals, members, officers, directors, parents, successors, affiliates, subsidiaries, related companies, franchisees, transferees, assigns, alter egos, others in privity with any of them, and/or those in active concert or participation with any of them are permanently enjoined from the following:

    A. Using the Infringing Levelz Logo, or any reproduction, counterfeit, copy, or colorable imitation of the same, or any mark or trade dress confusingly similar to the Stylized LE-VEL Mark and the LE-VEL word mark, in connection with manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale of any products or services, including but not limited to creating signage or advertising or marketing materials of any kind;

B. Making or employing any use of the Infringing Levelz Logo or Stylized LE-VEL Mark and the LE-VEL word mark, any derivation or colorable imitation thereof, or any mark or trade dress confusingly similar to the Stylized LE-VEL Mark and the LE-VEL word mark;

C. Using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that the products or activities of Defendants Gulla and the Franchise are in any way sponsored, licensed or authorized by, or affiliated or connected with, Le-Vel;

D. Doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors to believe that the products or services promoted, offered, or sponsored by Defendants Gulla and the Franchise come from Le-Vel, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with, Le-Vel;

E. Further infringing the Stylized LE-VEL Mark and the LE-VEL word mark and damaging Le-Vel's goodwill; and

F. Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the above

subparagraphs (A) through (E), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (E).

11. In view of the foregoing, judgment is hereby entered against Defendants Fadi Gulla and Angelo's Design Solutions, Inc. d/b/a Fastsigns of Auburn Hills on Claims 1-4 of the First Amended Complaint.

12. Further, and in view of the foregoing, Defendants Fadi Gulla and Angelo's Design Solutions, Inc. d/b/a Fastsigns of Auburn Hills are hereby enjoined as set forth in Paragraph 10.

13. Each party shall bear its own costs and fees.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 3, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 3, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764